# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |

| | | |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| PAUL DUMPSON *on behalf of himself and all others similarly situated* v. | : : : : : : | CIVIL ACTION |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : | NO. 10-2476 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                                   **July 10, 2013**

      The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not sue on the grounds that he has been physically injured as a result of taking Avandia; instead, he seeks, on behalf of himself and a class of similarly situated people, a refund of any monies he paid for Avandia, including insurance co-pays.[1] The Court previously granted a motion to dismiss in this case with leave to amend; Plaintiff filed an Amended Complaint, which the defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss. The motion will be granted.

---

[1] No class has been certified.

## I. BACKGROUND

The Court dismissed the initial Complaint, in part, because Plaintiff failed to allege what materials or information his physician relied upon, the circumstances of his use of Avandia, and how much Plaintiff paid for Avandia. In the Amended Complaint, Plaintiff alleges that he first received a prescription for Avandia from his endocrinologist in December 2000, and purchased Avandia on a "regular basis" approximately from December 2000 to April 2007.[2] Plaintiff alleges that he "has spent approximately thousands of dollars on his Avandia purchases."[3] Plaintiff further alleges that the endocrinologist who prescribed Avandia to Plaintiff, "was provided information about the warnings about an increased risk of weight gain, a risk of fluid retention, and a risk of exacerbation of congestive heart failure associated with Avandia use" but "may not have been adequately informed of all of risks associated with Avandia (known to GSK)."[4] Plaintiff also alleges that in 2007, "GSK provided the endocrinologist with information regarding the Nissen studies, but proceeded to dispute its findings."[5] Finally, in an effort to correct the pleading deficiencies in the original Complaint, Plaintiff has shifted somewhat his allegations concerning the problem with Avandia. Plaintiff now apparently acknowledges that Avandia does lower blood-sugar levels, but alleges that it does so only at the risk of creating other health problems.[6]

---

[2] Am. Compl. ¶¶ 217-18.

[3] Am Compl. ¶ 219.

[4] Am. Compl. ¶ 220.

[5] Am. Compl. ¶ 220.

[6] Am. Compl. ¶ 9.

2

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[7] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[8] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[9] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[10] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[11] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[12] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[13]

---

[7] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[8] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9] Twombly, 550 U.S. at 555, 564.

[10] Id. at 570.

[11] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[12] Id. (quoting McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[13] See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 836 F. Supp. 2d 274 (E.D. Pa. 2011).

3

## III. DISCUSSION

### A. California Consumer Protection Laws

As in the original Complaint, Plaintiff alleges claims pursuant to the California Consumer Legal Remedies Act ("CLRA"),[14] the Unfair Competition Law ("UCL"),[15] and the False Advertising Law ("FAL").[16] Plaintiff seeks damages and injunctive relief.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices."[17] The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice."[18] The FAL makes it unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading."[19] To state a statutory claim for false advertising, a plaintiff must allege that (1) the statements in the advertising are untrue or misleading; and (2) the defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.[20]

Under the California statutes, fraud is not an essential element of a claim; however, to the extent that the facts alleged necessarily constitute fraud, even if the word fraud is not used, then the claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure

---

[14] Cal. Bus. & Prof. Code §§ 1750, *et seq.*

[15] Cal. Bus. & Prof. Code § 17200.

[16] Cal. Bus. & Prof. Code § 17500.

[17] Cal. Civ. Code § 1770.

[18] Cal. Bus. & Prof. Code § 17200.

[19] Id. § 17500.

[20] Goldsmith v. Allergan, Inc., No. 09-7088, 2011 WL 147714, at * 3 (C.D. Cal. Jan. 13, 2011) (citing People v. Lynam, 61 Cal. Rptr. 800, 805 (Cal. Ct. App. 1967)).

9(b).[21] If the allegations necessarily constitute fraud, the "'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"[22] Because the Amended Complaint alleges overall "a unified course of fraudulent conduct" such that it "brims with allegations of intentional conduct,"[23] this standard applies.

Although Plaintiff has corrected some of the pleading deficiencies from the first Complaint, Plaintiff still fails to allege what advertising materials or information he or his (unidentified) prescribing physician read or relied upon.[24] Moreover, Plaintiff has not alleged any harm to him: he does not allege that his health was impaired by the use of Avandia, nor does he identify what he would have paid for some other drug had he not taken Avandia, or anything beyond that his physician "might have considered prescribing" some "alternative medication."[25] As Plaintiff has not alleged facts to support justifiable reliance on Defendant's alleged misdeeds, the statutory claims fail to state a cause of action.[26]

---

[21] Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1105 (9th Cir. 2003).

[22] Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) quoted in Vess, 317 F.3d at 1105.

[23] Mattson v.Bristol-Myers Squibb Co., No. 07-908, 2009 WL 5216966, at * 9 (D.N.J. Dec. 30, 2009).

[24] Plaintiffs cite cases decided by the California Supreme Court to argue that they need not plead reliance on specific advertisements. See In re Tobacco II Cases, 46 Cal. App. 4th 298, 326, 93 Cal. Rprtr. 3d 559 (2009). However, the federal courts in California have required "that the circumstances of the fraud must be stated with particularity." In re Actimmune Mktg. Litig., No. 08-02376, 2009 WL 3740648, at *13 (N. D. Cal. Nov. 6, 2009) ("Tobacco II cannot rescue plaintiffs' claims under the UCL fraudulent prong"); see also Kearns, 567 F.3d at 1126 (citing Rule 9(b) and affirming dismissal because the plaintiff failed to identify "what the television advertisements or other sales material specifically stated ... when [plaintiff] was exposed to them ... which ones he found material ... [and] which sales material he relied upon in making his decision to buy. . .").

[25] Am. Compl. ¶ 23.

[26] If an unfair rather than fraudulent practice were alleged, then under California law "it is unclear whether a plaintiff must (1) show that the harm to the consumer of a particular practice outweighs its utility to defendant, S.

5

### B. *Unjust Enrichment*

In addition to the statutory claims, Plaintiff alleges a claim for unjust enrichment. To state a claim for unjust enrichment, Plaintiff must allege that he "conferred a benefit on the defendant which the defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value."[27] "Unjust enrichment is a failure to make restitution under circumstances where it is equitable to do so, and is intended to fill the gap where common civil law and statutes fail to achieve justice."[28] For the reasons discussed above, Plaintiff has not alleged that he conferred a benefit upon Defendant without receiving value in return.

## IV. CONCLUSION

After the first motion to dismiss, Plaintiff was permitted to file an amended complaint. That complaint still fails to state a cause of action, and the Court concludes that to allow any further amendment would be inequitable and likely futile. The Amended Complaint will be dismissed with prejudice. An appropriate order will be entered.

---

Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861, 85 Cal. Rptr.2d 301, 316 (Cal. Ct. App. 1999); or (2) allege unfairness that is 'tethered to some legislatively declared policy,' Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527, 544 (1999)." Janda v. T-Mobile USA, Inc., 378 F. App'x 705, 708 (9th Cir. 2010). In any event, Plaintiffs' complaints do not identify specific harm or allege violation of a legislatively declared policy.

[27] Hernandez v. Lopez, 180 Cal. App. 4th 932, 938 (2009) (citation omitted).

[28] Id.

6